UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Petitioner,*<br>v.<br>THE CITY OF NEW YORK,<br>*Respondent.* | 25 Misc. 559 (LAK)<br><br>SUPPLEMENTAL DECLARATION OF GEORGE IOANNIDIS |

Pursuant to 28 U.S.C. § 1746, I, George Ioannidis, hereby declare under penalty of perjury that the following is true and correct:

1. I am employed as Assistant Special Agent in Charge ("ASAC") at the New York City Field Office of U.S. Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), within the U.S. Department of Homeland Security ("DHS"). I have served in this capacity since 2021. Prior to that, I served as Group Supervisor and Special Agent. As ASAC, I supervise law enforcement agents conducting investigations regarding immigration violations and approve/issue administrative subpoenas pursuant to relevant sections of law.

2. I have prepared this supplemental declaration in further support of the Petition by the United States of America (the "Government") for Summary Enforcement of HSI Administrative Subpoena No. HSI-2026-001193-001 (the "Petition"). The following statements are based on my personal knowledge, review of the relevant documents, and consultation with my colleagues. This declaration does not set forth all of my knowledge relevant to this matter.

3. On October 6, 2025, I served HSI Administrative Subpoena No. HSI-2026-001193-001 (the "Operative Subpoena") on counsel for the City of New York (the "City") in furtherance of an investigation into possible violations of Title 8 of the United States Code, among others. The

investigation includes determining whether there are male individuals residing in the shelter operated by the City of New York (the "City") located at 825 East 141st Street, Bronx, NY (the "Facility"), who (1) are not citizens or nationals of the United States, and (2) retain criminal histories, irrespective of disposition, relative to the following eight violations of law in any U.S. jurisdiction: murder, manslaughter, rape, robbery, assault, grand larceny, burglary, or assault of a law enforcement officer (the "Eight Serious Criminal Offenses").

4. In its opposition papers, the City asserts that the Operative Subpoena should not be enforced because the Petition does not give any indication "that any particular resident [of the Facility] has entered the United States illegally or committed a civil or criminal offense of any kind," or that the Government "has even generalized concerns" about any of the Facility's residents. *See* Opposition of the City of New York to Petition of the United States of America for Summary Enforcement of HSI Administrative Subpoena No. HSI-2026-001193-001 (ECF No. 18) at 1. The City contends that the Operative Subpoena is an improper "fishing expedition." *Id.*

5. The City's legal arguments are incorrect, which we address in the Government's accompanying memorandum of law. Their factual assertions are also wrong.

6. Contrary to the City's suggestion, HSI is aware that a significant number of the male individuals residing in the Facility do not have lawful status in the United States. As a threshold matter, the Facility is a migrant shelter. I understand that the migrant shelter serves male immigrants who entered the country on or after March 15, 2022, and have a fear of returning to their home country. Based on the history of migration into this country since March 15, 2022, it is likely that many of the Facility's residents are not citizens or nationals of the United States. Moreover, HSI is specifically aware that approximately 100 individuals are receiving immigration

mail at the Facility, and HSI has separately identified at least twenty additional individuals who entered the country illegally and list the Facility as their residence.

7. HSI has identified residents of the Facility who both entered the country illegally and have been charged with one of the Eight Serious Criminal Offenses. Specifically, in the past 90 days, HSI has identified twelve individuals who list the Facility as their residence and been charged with one of the Eight Serious Criminal Offenses. One of those individuals, in addition to having been charged with one of the Eight Serious Criminal Offenses, also has a federal felony illegal re-entry conviction and an active felony assault warrant. In addition, in the past 90 days, HSI has identified six other individuals who list the Facility as their residence and have been charged with criminal offenses other than the Eight Serious Criminal Offenses.

8. The Operative Subpoena was issued in connection with HSI's investigation in order to identify residents of the Facility who are not citizens or nationals of the United States and who have criminal histories, irrespective of disposition, relative to the Eight Serious Criminal Offenses. This information may help prove violations of 8 U.S.C. §§ 1324 (individuals engaged in facilitating the unlawful entry of aliens), 1325 (unlawful entry into the United States), 1326 (unlawful re-entry into the United States), as well as 8 U.S.C. §§ 1253 (penalties for failure to depart the United States after receipt of a final order of removal), 1306 (penalties for failure to register), and 19 U.S.C. § 1459 (reporting requirements).

9. HSI issued a narrow subpoena to the City on August 22, 2025, for a precise set of information – the names and dates of births of residents of the Facility who both are not citizens or nationals of the United States and retain criminal histories for the Eight Serious Criminal Offenses – but the City responded that it could not comply with the demand. Accordingly, HSI served the Operative Subpoena which requests the names and dates of birth of all males currently

lodged or residing at the Facility. HSI will use that information to identify residents at the Facility who are not citizens or nationals of the United States and who have criminal histories, irrespective of disposition, relative to the Eight Serious Criminal Offenses. HSI is not already in possession of this information, and the information is relevant to a legitimate and ongoing investigation.

10. Finally, for HSI's investigative purposes, it would not be sufficient, as the City suggests, for HSI to only receive information from the City about specific individuals whom HSI has already identified as both residing at the Facility and having a criminal history involving the Eight Serious Criminal Offenses. To fulfill its mission and protect the public from criminal threats, HSI needs the information requested in the Operative Subpoena in order to investigate the immigration status and criminal histories of the individuals residing at the Facility.

11. As of today, the City has provided no information in response to the Operative Subpoena.

I hereby declare under the penalty of perjury that the above statements are true and correct.

Executed at New York, New York
this 12th day of February, 2026.

George Ioannidis
Assistant Special Agent in Charge
U.S. Immigration and Customs Enforcement, Homeland
Security Investigations
U.S. Department of Homeland Security